Jorge Ramirez (#30307)
Catherine T. Barnard (#31189)
**WILSON ELSER MOSKOWITZ**
**EDELMAN & DICKER LLP**
2375 East Camelback Road, Suite 600
Phoenix, Arizona 85016
Telephone:(480) 562-3660
Facsimile: (480) 562-3659

*Attorneys For Defendant,*
*Maxum Indemnity Company*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Concept Commercial Construction, an Arizona LLC, | Case No.: |
| Plaintiff(s), | **DEFENDANT'S NOTICE OF REMOVAL** |
| v. | |
| Maxum Indemnity Company, a Connecticut corporation, John Does and Jane Does I-V; ABC Partnerships I-X; ABC Limited Liability Companies I-X; ABC Corporations I-V, | |
| Defendant(s). | |

Pursuant to 28 U.S.C. §§ 1332(a), 1441(a) and (b), and 1446, Defendant, Maxum Indemnity Company ("Defendant") removes this action from the Superior Court of Arizona, Maricopa County, to this Court based on diversity jurisdiction. In that regard, Defendant alleges as follows:

1. On or about April 22, 2019, Plaintiff, Concept Commercial Construction, a Arizona LLC, ("Plaintiff") filed a lawsuit in Arizona state court against Defendant in a case styled *Concept Commercial Construction, an Arizona*

-1-

9832349v.1

1 | *LLC v. Maxum Indemnity Company, a Connecticut corporation, et al.*, Superior Court of Arizona, Maricopa County Case No. CV2019-003091 ("Complaint.") A true and correct copy of the Complaint and all available pleadings filed in this matter are attached as Exhibit A (hereinafter, "Complaint").

2. Plaintiff alleges it "was and is an Arizona LLC doing business in Arizona" with its "principal place of business" in Arizona and, thus, is a citizen of Arizona for the purposes of 28 U.S.C. § 1332. Complaint, Exh. A, ¶ 1.

3. Defendant is a Connecticut company and has its principal place of business in Georgia and this was so at the time of the incident(s) alleged in the Complaint, at the time of commencement of this action in state court, and as of the date of this Notice of Removal.

4. Defendant is a wholly owned subsidiary of Hartford Fire Insurance Company, which is a wholly owned subsidiary of The Hartford Financial Services Group, Inc., both of which are also domiciled in Connecticut.

5. Thus, Defendant is a citizen of Connecticut or Georgia for the purposes of 28 U.S.C. § 1332.

6. Based upon the allegations in the Complaint and upon information and belief on the amounts demanded by Plaintiff, Defendant believes the amount in controversy exceeds $75,000. Therefore, removal is proper as the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1332(a), 1441(a); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

7. Plaintiff requested that Defendant pay three invoices, among other demands, totaling $85,561.58 regarding "Floor cleaning," "Restoration Company" which performed "water mitigation/dry out services, "Labor - mitigate, suck up and control water damage," "Equipment rentals," "Carpet, upholstery and panel cleaning & deodorize," "Restoration of: Repair drywall, replace baseboards and paint walls," "Sentry Insurance workstations & Shelves – clean & disinfect," "Labor to repair drywall, replace baseboards & paint walls," "Microbial Investigation," "VCT, Vinyl tile supplied & installed," "Floor cleaning,"

"Attorney Fees" and "Overhead." A true and correct copy of Plaintiff's demand and invoices are attached as Exhibit B.

8. In addition to the alleged damages set forth in Exhibit B, Plaintiff also alleges that "the flooding caused significant damage to the building, personal property, and interruption of business." Complaint, Exh. A. ¶16. The Plaintiff also alleges that the "building owner, ACM, and the tenants of the building all incurred significant costs and suffered serious damages . . . including but not limited to delays in the project, damage to the building, damage to personal property, loss of use of the property and business interruption." Complaint, Exh. A. ¶18.

9. Defendant denies Plaintiff's allegations. However, upon information and belief on the amounts demanded by Plaintiff, Plaintiff seeks in excess of $75,000 in damages. Thus, the amount in controversy exceeds $75,000.

7. If Plaintiff initially had filed this lawsuit in Federal Court, this Court would have had diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).

8. Removal is proper under 28 U.S.C. § 1441(a), (b), and § 1446.

12. This Notice of Removal is filed within the 30-day time limit provided in 28 U.S.C. § 1446(b).

13. Removal has been perfected within one year of the commencement of the action, as required by 28 U.S.C. § 1446(b).

14. Pursuant to 28 U.S.C. § 1446(d), Defendant is serving all adverse parties with a copy of this Notice or Removal.

15. Pursuant to 28 U.S.C. § 1446(d), Defendant is concurrently filing a copy of this Notice of Removal with the Clerk in the state court action.

16. Pursuant to Federal Local Rule 3.7, copies of all pleadings, process, and orders served upon Defendant in the state court prior to this Notice of Removal are being filed herewith in this Court under Exhibit A.

For these reasons, Defendant respectfully requests that this case be removed from the state court to this Court.

9832349v.1

**DATED** this 15th day of May, 2019.

WILSON ELSER MOSKOWITZ
EDELMAN & DICKER LLP

By: */s/ Catherine T. Barnard, Esq.*
Jorge Ramirez, Esq.
Catherine T. Barnard, Esq.
*Attorneys for Defendant,
Maxum Indemnity Company*

## CERTIFICATE OF SERVICE

I hereby certify that on May 15, 2019, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing thereby transmitting a Notice of Electronic Filing to all CM/ECF registrants.

By */s/ Kathy Lesage*

-4-

9832349v.1