# EXHIBIT A

APR 3 0 2019

| | |
|---|---|
| Kevin C. Barrett, State Bar No. 20104<br>**Barrett | Matura, P.C.**<br>8925 East Pima Center Parkway, Suite 100<br>Scottsdale, Arizona 85258<br>Telephone: (602) 792-5705<br>Facsimile: (602) 792-5710<br>kbarrett@barrettmatura.com<br><br>*Attorneys for Plaintiff* | STATE OF ARIZONA<br>DEPT. OF INSURANCE<br><br>APR 2 6 2019<br><br>TIME 12.03<br>SERVICE OF PROCESS |

# IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
# IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| CONCEPT COMMERICAL CONSTRUCTION, an Arizona LLC,<br><br>Plaintiff,<br>v.<br><br>MAXUM INDEMNITY COMPANY, a Connecticut corporation, JOHN DOES and JANE DOES I–V; ABC PARTNERSHIPS I – X; ABC LIMITED LIABILITY COMPANIES I– X; ABC CORPORATIONS I–V,<br><br>Defendants. | Case No. CV2019-003091<br><br>**SUMMONS**<br><br>If you would like legal advice from a lawyer,<br>Contact the Lawyer Referral Service at<br>602-257-4434<br>or<br>www.maricopalawyers.org<br>Sponsored by the<br>Maricopa County Bar Association |

THE STATE OF ARIZONA TO THE DEFENDANT:

MAXUM INDEMNITY COMPANY

YOU ARE HEREBY SUMMONED and required to appear and defend, within the time applicable, in this action in this Court. If served within Arizona, you shall appear and defend within twenty (20) days after the service of the Summons and Complaint upon you, exclusive of the day of service. If served out of the State of Arizona, whether by direct service, by registered or certified mail, or by publication, you shall appear and defend within thirty (30) days after the service of the Summons and Complaint upon you is complete, exclusive of the day of service. Where process is served upon the Arizona Director of Insurance as an insurer's attorney to receive service of legal process against it

in this state, the insurer shall not be required to appear, answer or plead until expiration of forty (40) days after date of such service upon the Director. Service by registered or certified mail out of the State of Arizona is complete thirty (30) days after the date of filing the receipt and affidavit of service with the Court. Service by publication is complete thirty (30) days after the date of first publication. Direct service is complete when made. Service upon the Arizona Motor Vehicle Superintendent is complete thirty (30) days after filing the Affidavit of Compliance and return receipt or Officer's Return. Rule 4, Ariz. R. Civ. P.; A.R.S. §§20-222, 28-502, and 28-503.

YOU ARE HEREBY NOTIFIED that in case of your failure to appear and defend within the time applicable, judgment by default may be rendered against you for the relief demanded in the Complaint.

YOU ARE CAUTIONED that in order to appear and defend, you must file an Answer or proper response in writing with the Clerk of this Court, accompanied by the necessary filing fee, within the time required, and you are required to serve a copy of any Answer or response upon the Plaintiff's attorney. Rules 5 and 10(d), Ariz. R. Civ. P.; A.R.S. §12-311.

THE NAME AND ADDRESS of Plaintiff's attorneys are:

Kevin C. Barrett
Barrett & Matura, P.C.
8925 E. Pima Center Parkway, Suite 100
Scottsdale, AZ 85258
(602) 792-5705

Requests for reasonable accommodation for persons with disabilities must be made to the division assigned to the case by parties at least 3 judicial days in advance of a scheduled court proceeding.

SIGNED AND SEALED this date: _____

BY _____
   Clerk



APR 22 2019
CLERK OF THE SUPERIOR COURT
K. SLEESEMAN
DEPUTY CLERK

2

Kevin C. Barrett, State Bar No. 20104
Barrett | Matura, P.C.
8925 East Pima Center Parkway, Suite 100
Scottsdale, Arizona 85258
Telephone: (602) 792-5705
Facsimile: (602) 792-5710
kbarrett@barrettmatura.com

*Attorneys for Plaintiff*

COPY

APR 22 2019

CLERK OF THE SUPERIOR COURT
K. SLEESEMAN
DEPUTY CLERK

### IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
### IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| CONCEPT COMMERICAL CONSTRUCTION, an Arizona LLC,<br><br>Plaintiff,<br>v.<br><br>MAXUM INDEMNITY COMPANY, a Connecticut corporation, JOHN DOES and JANE DOES I–V; ABC PARTNERSHIPS I – X; ABC LIMITED LIABILITY COMPANIES I– X; ABC CORPORATIONS I–V,<br><br>Defendants. | Case No. CV2019-003091<br><br>**COMPLAINT** |

Plaintiff CONCEPT COMMERCIAL CONSTRUCTION ("CCC"), by and through undersigned counsel, hereby states and alleges as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff CCC, at all relevant times, was and is an Arizona LLC doing business in Arizona. CCC's principal place of business is Arizona.

2. Defendant MAXUM INDEMNITY COMPANY is a Connecticut corporation doing business in Arizona. MAXUM's principal place of business is Connecticut.

3. Defendants John and Jane Does 1–10 are fictitious persons who are individuals engaged in the actionable conduct stated herein.

4. Defendants ABC Partnerships I-X, ABC Limited Liability Companies I-X,

1  and ABC Corporations I-X are fictitious entities who are responsible for the actionable
2  conduct stated herein.
3      5.   When and if the true names of said fictitious persons and/or entities become
4  known, CCC will amend their pleadings to reflect same.
5      6.   The events that gave rise to this Complaint took place in Maricopa County,
6  Arizona.
7      7.   Venue and jurisdiction are proper in this Court.

## ALLEGATIONS

9      8.   CCC performs work as a general contractor.
10     9.   CCC entered into a contract with Arizona Commercial Management, on
11 behalf of the owner, to build out a spec suite at 9060 E. Via Linda, Suite 235, Scottsdale
12 Arizona.
13     10.  CCC subcontracted with SPF Holding, Inc./Summit Fire Protection Co. dba
14 as Summit Companies for installation of a fire suppression sprinkler system at the project.
15     11.  As part of the annual service contract between CCC and Summit, Summit
16 agreed to name CCC as an Additional Insured on its comprehensive general liability
17 policy and meet other insurance and indemnity requirements.
18     12.  Summit obtained a CGL policy from Defendant MAXUM, policy no.
19 GLP603291201, which was in effect from May 1, 2018 to May 1, 2019.
20     13.  CCC was named as an Additional Insured on Summit's CGL policy with
21 MAXUM.
22     14.  On November 26, 2018, Summit was performing its contracted work at the
23 project.
24     15.  On that date an employee of Summit depressurized the wrong zone on the
25 sprinkler system, leaving the zone that Summit was working on pressurized. When
26 Summit subsequently attempted to work on the pressurized zone, the building was flooded
27 with water.
28     16.  The flooding caused significant damage to the building, personal property,

and an interruption of business.

17. Rocky Mountain Restoration, among other companies, was retained to clean up the water and mitigate losses caused by Summit's negligence.

18. The building owner, ACM, and the tenants of the building all incurred significant costs and suffered serious damages as a result of Summit's negligence, including but not limited to delays in the project, damage to the building, damage to personal property, loss of use of the property, and business interruption.

19. The building owner, ACM, the tenants of the building, and Rocky Mountain Restoration, among others, have made claims against and/or are looking to CCC for reimbursement of all costs and indemnity for all damages caused by Summit's negligence.

20. CCC additionally incurred significant costs and suffered damages as a result of Summit's negligence and the damages caused by that negligence.

21. Upon information and belief, Summit tendered a liability claim to MAXUM, which assigned the claim to Myron Hoskins with claim no. GLP-6032912-1-5.

22. MAXUM retained Engle Martin as the third-party administrator for the claim, who assigned the claim to Roma Leaming with file no. 1000253411.

23. Upon information and belief Engel Martin was the agent of MAXUM and acting within the course and scope of its agreement with MAXUM.

24. MAXUM purportedly began its investigation into this claim. As part of that purported investigation, CCC provided whatever information it had regarding the circumstances of the loss, the damages caused by Summit's negligence, and otherwise responded to and cooperated with all of MAXUM's requests.

25. For the first two months of the claim, MAXUM failed to timely or reasonably communicate with CCC. MAXUM suggested there were issues of coverage and liability, but it never explained to CCC what those issues were or what CCC could do to assist in resolving the issues.

26. In January 2019, CCC specifically tendered its own claim as an additional insured under Summit's policy with MAXUM.

27. MAXUM never acknowledged CCC's tender, assigned it a claim number, or otherwise responded to CCC's tender.

28. Upon information and belief, MAXUM appointed defense counsel for Summit.

29. CCC advised MAXUM that Rocky Mountain Restoration was preparing to file suit against CCC for restoration work related to Summit's negligence.

30. MAXUM never responded to CCC's requests for help regarding Rocky Mountain Restoration's claim or information on the status of claim.

## COUNT I – BREACH OF CONTRACT

31. CCC hereby realleges and restates each and every allegation of the forgoing as if fully set forth herein.

32. The MAXUM insurance policy is a contract between MAXUM and CCC.

33. CCC has performed its obligations under the contract.

34. MAXUM's failure to respond to CCC's tender within a reasonable period of time constitutes a breach of the insurance contract.

35. MAXUM's failure to timely and properly investigate the claim, pay for reasonable repairs, expenses, covered losses, and covered damages and otherwise protect CCC from claims arising from Summit's negligee constitutes a breach of the insurance contract.

36. As a direct result of MAXUM's breach of contract, CCC has been injured.

37. As a direct result of MAXUM's breach of contract, CCC is entitled to actual and consequential damages arising from the breach.

## COUNT II – BREACH OF TH DUTY OF GOOD FAITH AND FAIR DEALINGCONTRACT

38. CCC hereby realleges and restates each and every allegation of the forgoing as if fully set forth herein.

39. Inherent in every contract of insurance is the implied covenant of good faith and fair dealing.

4

40. As a direct and proximate result of MAXUM's conduct in adjusting the claim, including but not limited to delaying a response to CCC's tender beyond a reasonable time constituting a de facto denial of the claim, MAXUM breached the covenant of good faith and fair dealing.

41. MAXUM's breach of the duty of good faith and fair dealing, in part, occurred with respect to the following conduct:

    a. Failing to treat its insured with equal consideration;

    b. Failure to communicate with its insured;

    c. Failure to timely, promptly, and reasonably investigate the covered loss;

    d. Failure to acknowledge CCC as an additional insured under the Summit policy and separately adjust CCC's claim;

    e. Exposing the insured to lawsuits without acknowledging CCC's tender or the duty to defend and indemnify CCC;

    f. Using a third-party administrator to create unnecessary adversarial hoops to obtain the benefits owed under the policy

42. MAXUM's conduct has caused CCC damage and continues to cause CCC damage.

43. MAXUM has acted with a conscious disregard of the substantial likelihood that harm would result from its actions.

44. Upon information and believe, MAXUM and Engle Martin have acted in a similar manner to other insureds in Arizona whose claims have been delayed or denied by sufficiently similar unreasonable conduct that it establishes a consistent pattern and practice of consciously unreasonable conduct supporting an aware of punitive damages.

WHEREFORE, Plaintiff CCC prays for the following relief:

1. General damages in an amount to be determined at the time of trial;

2. Special damages in an amount to be determined at the time of trial;

3. Punitive damages sufficient to punish Defendant and deter future conduct;

4. For costs, interest and attorneys' fees pursuant to A.R.S. § 12–341.01, under contract, and any other basis supported by the law;

5. For any and all other damages or amounts deemed reasonable and appropriate by the Court.

Dated this 22nd day of April, 2019.

BARRETT & MATURA, P.C.

By: _____
Kevin C. Barrett
8925 E. Pima Center Pkwy, Ste 100
Scottsdale, AZ 85258
*Attorneys for Plaintiff*

Kevin C. Barrett, State Bar No. 20104
**Barrett | Matura, P.C.**
8925 East Pima Center Parkway, Suite 100
Scottsdale, Arizona 85258
Telephone: (602) 792-5705
Facsimile: (602) 792-5710
kbarrett@barrettmatura.com

*Attorneys for Plaintiff*

COPY
APR 22 2019
CLERK OF THE SUPERIOR COURT
K. SLEESEMAN
DEPUTY CLERK

# IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
# IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| CONCEPT COMMERICAL CONSTRUCTION, an Arizona LLC,<br><br>Plaintiff,<br>v.<br><br>MAXUM INDEMNITY COMPANY, a Connecticut corporation, JOHN DOES and JANE DOES I–V; ABC PARTNERSHIPS I – X; ABC LIMITED LIABILITY COMPANIES I– X; ABC CORPORATIONS I–V,<br><br>Defendants. | Case No. CV2019-003091<br><br>**CERTIFICATE OF ARBITRATION** |

Plaintiff Concept Commercial Construction certifies that the largest award sought by the Complaint, including punitive damages, but excluding interest, attorneys' fees, and costs, does exceed the limit set by Local Rule for compulsory arbitration. Therefore, this case <u>is not</u> subject to compulsory arbitration as provided in Rules 72 through 77 of the Arizona Rules of Civil Procedure.

Dated this 22nd day of April, 2019.

BARRETT & MATURA, P.C.

By: _____
Kevin C. Barrett
8925 E. Pima Center Pkwy, Ste 100
Scottsdale, AZ 85258
*Attorneys for Plaintiff*